FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS       2005 FEB 28 A 9: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DENNIS DAYE, ) | |
| RICHARD COSTA ) | 04-12045 |
| MICHAEL DeNICTOLIS, ) | 04-12046 |
| Petitioners, ) | 04-12047 - RGS |
| ) | |
| v. ) | SCANNED |
| ) | |
| KATHLEEN M. DENNEHY ) | DATE: 3/2/05 |
| ) | BY: /c.J. |

MOTION TO STAY PETITIONER'S WRIT OF HABEAS CORPUS

Petitioners in the above-captioned matter hereby move for a Stay of their Writ of Habeas Corpus. As grounds for this motion the petitioners inform the Court that on February 4, 2005 petitioner filed a Motion for a New Trial in Essex Superior Court. The filing of such a motion would effectively modify the petitions exhaustion requirement, thus necessitating a stay. The First Circuit has stated that a Stay is appropriate particularly "in instances in which the original habeas petition, though unexhausted is timely filed, but there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely." Delaney, 264 F.3d at 14 n.5. Such are the circumstances here.

The Supreme Judicial Court issued a final judgment in petitioners' third Motion for a New Trial on September 9, 2003.  Commonwealth v. Costa, Daye, DeNictolis .  The Supreme Judicial Court denied the petitions gatekeeper petition on February 4, 2003.  The one-year statute of limitations for habeas petitions under 28 U.S.C. § 2254 began to run after the ninety-day period for filing a petition for writ of certiorari from the United States Supreme Court had expired.  See Donovan v. Maine, 276 F.3d 87,91 (1st Cir. 2002).  More than one year has now passed since February 4, 2003, when the statute of limitations began to run.

However, during the course of the statutory period, new evidence came to light warranting a Motion for a New Trial.  Specifically, petitioners learned that expert testimony regarding bullet lead analysis in their original trial was erroneous and not supported by any scientific theory.  In fact the National Research Counsel conducted a study and released a report for the FBI invalidating bullet lead analysis which matches a piece of metal to the same box or same batch of ammunition.  The NRC report cites the petitioners' case as an example of unacceptable expert testimony regarding bullet lead analysis.  As a result, on February 4, 2005 petitioners filed a Motion for a New Trial

based on newly discovered evidence in Essex Superior Court docket No.: 11238-11246. There is no question that the new evidence is not exhausted for the purposes of federal review. However, petitioners' seek a stay from this court that they may litigate the new evidence without waiving their current habeas claims.

The First Circuit has "indicated that district courts presented with mixed petitions should take seriously any request for a stay." Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79 (1st Cir. 2002)(citing Neverson v. Bissonnette, 261 F.3d 120 (1st Cir. 2001), and Delaney v. Matesanz, 264 F.3d 7 (1st Cir. 20010; see also Laurore v. Spencer, 267 F. Supp. 2d 131, 138 n.4 (D. Mass. 2003)("The First Circuit in Nowaczyk and Delaney commended stays over dismissals when timing is critical and the petitioner requested a stay."). This is exactly the situation – a "mixed petition" – in which the First Circuit indicated that a Stay is particularly appropriate. Were this court to dismiss petitioners' Writ of Habeas Corpus without prejudice, a "realistic danger" exists that petitioners' second petition, filed after exhaustion has occurred, will be untimely.

Wherefore, the petitioners request that this Court grant their Motion to Stay this petition.

Respectfully Submitted,
By Their Attorney

_____
Rosemary Curran Scapicchio
Attorney At Law
Four Longfellow Place
Suite 3703
Boston, MA 02114

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by first class mail, postage prepaid or by hand delivery.

Dated: 2/22/05  _[signature]_